IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-197-BO-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| TERRELL DEVON HINNANT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court on 13 July 2011 for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Wilson County Sheriff's Office. Defendant presented no witnesses. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was indicted on 5 July 2011 for two counts of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. The possession alleged in the first count purportedly occurred on 20 January 2011 and involved a .22 caliber pistol. The possession alleged in the second count purportedly occurred on 1 February 2011 and involved a .32 caliber pistol.

The evidence presented at the hearing showed that the charges arise from recorded, controlled purchases of the subject pistols from defendant by a confidential informant on the alleged offense dates. At the time of the transactions, defendant was a convicted felon. In a statement to police after his arrest, defendant admitted to his involvement in the transactions. He also said he knew he was not supposed to have any guns.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including defendant's trafficking in the subject firearms; defendant's substantial criminal record for a person of his age (24), including five felony convictions, seven misdemeanor convictions, commission of three felonies while on probation, and multiple incarcerations without a cessation of criminal conduct; the substantial sentence defendant faces if convicted; and, as indicated, the other findings and reasons stated in open court.

The court considered information offered as mitigating, but finds that the factors favoring detention outweigh such information. For example, the government did not contend and the court did not find that defendant presented a flight risk requiring his detention. But the absence of such a flight risk does not ameliorate the manifest risk of danger defendant presents.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense

counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 13th day of July 2011.

_____
James E. Gates
United States Magistrate Judge